**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LOPEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>CHIEF DEPUTY WARDEN, et al.,<br><br>        Defendants. | 1:12-cv-00100-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Kenneth Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on January 23, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is housed at California State Prison, Corcoran ("Corcoran"), where the events alleged in his complaint occurred.  Plaintiff names the following defendants:  (1) Corcoran Chief Deputy Warden in his official capacity; and (2) an unknown Corcoran Correctional Officer in his/her official and individual capacity.

Plaintiff alleges as follows:  On January 5, 2011, Plaintiff yelled an "emergency situation," which the control booth officer heard and informed the unknown floor officer.  The floor officer came to the cell and Plaintiff explained that he did not want to remain with his current cellmate any longer because the cellmate was very belligerent/intimidating, informing Plaintiff that he would wait until Plaintiff was cuffed and then commence to "beating the crap" out of Plaintiff if he thought Plaintiff was a threat.

At first, the floor officer responded that there was no place to put Plaintiff.  Plaintiff said the holding cell area in the rotunda would suffice.  The floor officer said he would contact the sergeant and left to do so.  Plaintiff contends that the floor officer could have remained and had the tower officer contact the sergeant.

In the time the floor officer was gone, Plaintiff and his cellmate had some words between them. First, that Plaintiff was "arrogant" and then Plaintiff said "(Censored) Jones' whole family." (ECF No. 1, p. 4.) Upon Plaintiff's statement about the family, Plaintiff's cellmate attacked, striking several blows to the head, one of which caused a laceration requiring four sutures. Plaintiff began screaming at the first blow, but the floor officer did not return for approximately five minutes.

Subsequently, Plaintiff was brought in front of the Institution Classification Committee ("ICC") to address the physical altercation. Plaintiff was placed on single-cell status and a sergeant was designated to investigate the matter. Plaintiff provided the sergeant a written account of in-cell victimization dating from 1984-2005.

In February, the ICC re-addressed the matter and decided against single-cell status. The Chief Deputy Warden stated that Plaintiff had "nothing but allegations" to warrant consideration of single-cell placement. At the ICC hearing, Plaintiff voiced concern for his safety out-of-cell and referred to documented instances of victimization, the latest being December 2004, when he was assaulted on the recreation yard, suffering a blow to the head that caused a laceration needing medically assisted closure (glue).

In light of the Chief Deputy Warden's statement, Plaintiff believes that because he is an inmate, his statements lack any credibility and they think he is fabricating. Plaintiff alleges that they refuse to acknowledge that Plaintiff faces a significant risk of harm in-cell and out-of-cell, and that due to his small stature, inability in self-defense and 180° difference in attitude, he is compatible with few other inmates.

Plaintiff further alleges that in a crisis bed he will not be able to write. The only available surface is the floor and he cannot write in that position because it puts stress/pain on his lower back. Plaintiff complains that he has degenerative disk disease.

As relief, Plaintiff seeks, among other things, acknowledgement for better protection and damages in the amount of $1000.00 from the Unknown Correctional Officer.

///

///

### III.     Deficiencies of Complaint

#### A. Official Capacity and Eleventh Amendment

Plaintiff alleges that Defendant Chief Deputy Warden and Defendant Unknown Correctional Officer are liable for violating his constitutional rights while acting in official capacities.

The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir.2007).  A suit against a state official in his official capacity equates to a suit against the state employing that official, Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), effectively barring a plaintiff from bringing suit on these grounds. However, the Eleventh Amendment does not bar a suit for monetary damages against a state official sued in his individual capacity. Id.

 Plaintiff's claim against Defendant Chief Deputy Warden and Defendant Unknown Correctional Officer in his/her official capacity is tantamount to bringing suit against the State. As a result, Plaintiff's claim against these Defendants in his/her official capacities cannot stand and is barred by the Eleventh Amendment.  However, Plaintiff is not precluded from bringing a suit for monetary damages against the Unknown Correctional Officer in his/her individual capacity.

#### B. Doe Defendants

Plaintiff has named two persons only by their titles or job positions.  Unidentified, or "John Doe," defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

#### C. Failure to Protect

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970,

4

128 L.Ed.2d 811 (1994) (quoting Cortes–Quinones v. Jimenez–Nettleship, 842 F.2d 556, 558 (1st Cir.1988)).  Not every injury caused by one inmate to another is actionable under the Eighth Amendment.  Farmer, 511 U.S. at 833.  To establish a violation of this duty, a prisoner must demonstrate that prison officials were deliberately indifferent to a serious threat to the inmate's safety.  Id. at 834.  This requires the prisoner to satisfy both an objective and a subjective component.  First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious." Id. at 834 (quoting Wilson v. Seitner, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)).  Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind.  Prison officials must have known of and disregarded an excessive risk to the prisoner's safety.  Id. at 837.

Defendant Unknown Correctional Officer

Plaintiff appears to allege that Defendant Unknown Correctional Officer (or "floor officer") failed to protect him from being attacked by his cellmate.  However, Plaintiff has failed to allege sufficient facts to establish a "serious threat" or that Defendant Unknown Correctional Officer knew of and disregarded an excessive risk to Plaintiff's safety.  At best, Plaintiff has alleged that he asked to be removed from the cell because his cellmate was belligerent, intimidating, and would beat Plaintiff if he thought that *Plaintiff* was a threat.  There is no indication that Plaintiff informed Defendant Unknown Correctional Officer of an immediate threat or excessive risk of harm to Plaintiff' safety.

Defendant Chief Deputy Warden

Plaintiff appears to allege that Defendant Chief Deputy Warden has violated his rights by refusing to grant him single cell status despite prior victimization.  Plaintiff has failed to allege sufficient facts to demonstrate a sufficiently serious deprivation.  In other words, Plaintiff has failed to allege that he suffered any harm from the denial of single cell status after February 2011.

**IV.    Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file a first amended complaint.

Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 10, 2013**                    /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE