1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 KENNETH LOPEZ,                                )    Case No.: 1:12-cv-00100-BAM (PC)
                                                 )
12              Plaintiff,                        )    ORDER DISMISSING ACTION
                                                 )    (ECF No. 6)
13      v.                                        )
                                                 )
14 CHIEF DEPUTY WARDEN, et al.                    )
                                                 )
15              Defendants.                       )
                                                 )
16 _____ )

17          Plaintiff Kenneth Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma

18 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January

19 23, 2012, and consented to the jurisdiction of the Magistrate Judge.  On June 10, 2013, the Court

20 issued an order dismissing Plaintiff's complaint for failure to state a claim with leave to file an

21 amended complaint within thirty days from the date of service of the order.  Plaintiff was warned that

22 if he failed to file an amended complaint in compliance with the order, this action would be dismissed,

23 with prejudice, for failure to state a claim.  (ECF No. 6.)  More than thirty days have passed and

24 Plaintiff has not complied with or otherwise responded to the Court's order.  As a result, there is no

25 pleading on file which sets forth any claims upon which relief may be granted.

26          Local Rule 110 provides that a "failure . . . of a party to comply with these Rules or with any

27 order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within

28 the inherent power of the Court."  District courts have the inherent power to control their dockets and

1   "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . .

2   dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an

3   action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

4   or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

5   (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

6   1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v.

7   U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court

8   order).

9         In determining whether to dismiss an action for lack of prosecution, the Court must consider

10  several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

11  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

12  of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779

13  F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

14        The Court finds that the public's interest in expeditiously resolving this litigation and the

15  Court's interest in managing the docket weigh in favor of dismissal, because Plaintiff has made no

16  attempt to file an amended complaint or otherwise contact the Court.  The Court cannot hold this case

17  in abeyance indefinitely awaiting an operative complaint from Plaintiff.  The third factor, risk of

18  prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from

19  the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,

20  524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits --

21  is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, the court's

22  warning to a party that failure to obey the court's order will result in dismissal satisfies the

23  "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133;

24  Henderson, 779 F.2d at 1424.  The Court's order expressly stated, "If Plaintiff fails to file a first

25  amended complaint in compliance with this order, this action will be dismissed with prejudice for

26  failure to state a claim."  (ECF No. 6, p. 6.)  Thus, Plaintiff had adequate warning that dismissal could

27  result from his noncompliance with the Court's order.

28

Accordingly, IT IS HEREBY ORDERED as follows:

1.   This action is DISMISSED WITH PREJUDICE for failure to state a claim and failure to comply with a Court order;

2.   The Clerk of the Court is DIRECTED to close the case; and

3.   This case shall count as a strike for purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   __**July 25, 2013**__                    ____/s/ *Barbara A. McAuliffe*____
                                         UNITED STATES MAGISTRATE JUDGE

3